**LAWYERS FOR ADA RIGHTS**
R. Alan Smith, Esq. (SBN 062835)
3111 Camino del Rio North, Suite 400
San Diego, CA 92108
Telephone: (619) 541-3922
Email: asmith@ada-laws.com

Attorneys for Plaintiff
Vern Robert Theroux Jr.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERN ROBERT THEROUX JR., an individual;<br><br>        Plaintiff,<br>    v.<br><br>BUDGET AUTO REPAIR, a California Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No.: **'20 CV 1851 W    AGS**<br><br>**Complaint for Damages and Injunctive Relief for Violations of:** Americans with Disabilities Act; Unruh Civil Rights Act<br><br><br>Judge: _____<br><br>Date Action filed: _____ |

Plaintiff VERN ROBERT THEROUX JR. ("THEROUX"), complains BUDGET, a California Corporation ("BUDGET AUTO"); and DOES 1 through 10 ("Defendant"), and alleges as follows:

### INTRODUCTION

Comes now Plaintiff THEROUX who complains and alleges as follows:

1.      Plaintiff is mobility impaired and requires full and equal access to the goods, services and facilities provided by Defendant. Defendant is an auto repair business and is therefore considered a business establishment.

2.      The business establishment is operated by, controlled by, or acting at the direction of Defendant directly, or through contractual, licensing, or other arrangements, for the purposes described herein, in such a way that it contains access barriers preventing Plaintiff, and other mobility-impaired individuals, from gaining full and equal access to its products and services.

Defendant's denial of full and equal access to its products and services is a violation of the rights of Plaintiff under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA") and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, ("Unruh Act") (the ADA and Unruh Act are referred to herein collectively as "Disability Access Laws").

3.     The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Act, Cal. Civ. Code § 51 *et seq.* Discrimination sought to be eliminated by the Unruh Act includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by places of public accommodation that are inaccessible.

4.     Each Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, 28 CFR § 36.302(e)(1) *et seq.* is likewise a violation of the Unruh Act. Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act, Cal. Civ. Code § 51(f).

5.     For more than 27 years, the Disability Access Laws have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by places where the public patronize.

6.     Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008) ("NPRM").

7.     As a result of Defendant's violations of law, and to correct them, Plaintiff seeks statutory damages where available, injunctive relief and attorneys' fees establishing that Defendant has engaged in violations of the Disability Access Laws and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently use public accommodations in the same manner as individuals who do not need assistance to benefit from the services offered by Defendant.

**PARTIES**

8.      Plaintiff is a San Diego County, California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to walking, standing, ambulating, sitting and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate. At the time of Plaintiff's attempt to visit the business of Defendant, Plaintiff suffered from a "qualified disability" under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq.*

9.      As a result of Plaintiff's disability, he requires ADA-compliant access to the business of Defendant to utilize the goods, services and facilities provided by Defendant.

10.     Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services. Plaintiff is being deterred from patronizing Defendant's business establishment on particular occasions, but intends to return for the purpose of availing himself of the goods and services offered to the public and to ensure that Defendant cease evading its responsibilities under federal and state law.

11.     On information and belief, Defendant BUDGET AUTO has its principal place of business at 7324 Broadway, Lemon Grove, California 91945.

12.     On information and belief, BUDGET AUTO is registered to do business in the State of California, has designated an agent for service of process in the State of California, and has multiple physical convenience stores located in the State of California and specifically in this District.

13.     On information and belief, Defendant BUDGET AUTO owned and operated a business establishment at or about 7324 Broadway, Lemon Grove, California 91945

14.     On information and belief, Defendant BUDGET AUTO currently owns and operates a business establishment at or about 7324 Broadway, Lemon Grove

15.     On information and belief, Defendant BUDGET AUTO owned the real property located at or about 7324 Broadway, Lemon Grove California 91945.

16.     On information and belief, Defendant BUDGET AUTO currently owns the real property located at or about 7324 Broadway, Lemon Grove, California 91945.

17.    Plaintiff does not know the true names of DOE Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each DOE Defendant herein, including DOES 1 through 10, inclusive, are responsible for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of DOES 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE**

18.    The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA 42 U.S.C. § 12101 *et seq.*

19.    Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Act, which act expressly incorporates the ADA.

20.    Venue is proper in this Court pursuant to 28.U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's cause of action arose in this District.

**FACTUAL ALLEGATIONS**

21.    Plaintiff went to visit Defendant's auto repair store in September 2020 (once) at 7324 Broadway, Lemon Grove, California 91945 with the intention to avail himself of its services.

22.    Defendant is a facility open to the public, a place of public accommodation, and a business establishment required to have truncated domes from the sidewalk to the parking lot as required by the ADA.

23.    Defendant is a facility open to the public, a place of public accommodation, and a business establishment required to have accessible parking and parking signage as detailed by the ADA Accessibility Guidelines.

24.     Here, on the date of Plaintiff's visit, Defendant failed to provide accessible parking and parking signage. Specifically, Defendant failed to provide a van accessible space, which violates the ADA Accessibility Guidelines.

25.     Additionally, on the date of Plaintiff's visit, Defendant failed to provide accessible parking signage. Specifically, there was no van accessible signage.

26.     In addition, on the date of Plaintiff's visit, Defendant failed to provide accessible parking. Specifically, parking spaces were not of the correct width and/or length.

27.     Plaintiff personally encountered these barriers.

28.     This inaccessible facility denied Plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

29.     Plaintiff plans to return and patronize Defendant but is deterred from visiting until Defendant removes the barriers.

30.     The barriers identified above are easily removed without much difficulty or expense. It is the type of barriers identified by the DOJ as presumably readily achievable to remove and, in fact, the barriers are readily achievable to remove.

31.     Plaintiff is deterred from returning and patronizing Defendant because of his knowledge of the barriers that exists. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Defendant as a customer once the barriers are removed.

32.     Given the obvious and blatant nature of the barriers and violations alleged herein, Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that Plaintiff seeks to have all barriers related to his disability remedied. *See Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to him disability removed regardless of whether he personally encountered them).

## I.  FIRST CAUSE OF ACTION: VIOLATION OF THE ADA
### (On behalf of Plaintiff and against all Defendants)
### (42 U.S.C. § 12101 *et seq.*)

33.  Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this Complaint.

34.  Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See* 42 U.S.C. § 12182(a). Discrimination is defined, *inter alia*, as follows:

a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Accessibility Guidelines, found at 28 C.F.R., Part 36, Appendix "D."

c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 121883(a)(2).

35.  When a business provides parking for its customers, it must provide accessible parking and proper accessible parking signage.

36.  Here, the failure to have accessible parking and proper parking signage is a violation of the law.

37.  Here, the failure to ensure that the accessible facilities were available and ready to be used by Plaintiff is a violation of the law.

38.     The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

39.     Given its location and options, Plaintiff will continue to desire to patronize Defendant, but he has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to remove the barriers.

**II.       SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT**
**On behalf of Plaintiff and against all Defendants)**
**(Cal. Civ. Code §§ 51-53)**

40.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this Complaint. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

41.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act, Cal. Civ. Code, § 51(f).

42.     Defendant's acts and omissions, as herein alleged, have violated the Unruh Act by, *inter alia*, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

43.     Because the violation of the Unruh Act resulted in difficulty, discomfort or embarrassment for Plaintiff, each Defendant is also each responsible for statutory damages, *i.e.*, a civil penalty. Cal. Civ. Code § 55.56(a)-(c).

44.     Although Plaintiff was markedly frustrated by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, Plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1.     For injunctive relief, compelling Defendant to comply with the ADA and the Unruh Act. Note: Plaintiff is not invoking § 55 of the Cal. Civ. Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2.     Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.00.

3.     An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir*, 218 F. Supp. 3d 1096 (2016).

4.     Reasonable attorneys' fees, litigation expenses and costs of suit, with interest pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

Dated:        September __, 2020          LAWYERS FOR ADA RIGHTS


By: _____
              R. Alan Smith, Esq.
              Attorney for Plaintiff
          VERN ROBERT THEROUX JR.